## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

ALEXANDER R. JONES,                                :
11504 Chesney Court                                :
Mitchellville, MD 20721 (Prince George Cty.)       :
                                                   :
                            Plaintiff,             :       Civil Case No.  16-3122
                                                   :
v.                                                 :
                                                   :
EXPERIAN INFORMATION SOLUTIONS, INC., :
505 City Parkway West                              :
Orange, CA 92668                                   :
                                                   :
Serve:  The Corporation Trust Incorporated         :
           351 West Camden Street                  :
           Baltimore, MD 21201                     :
                                                   :
and                                                :
                                                   :
PENNSYLVANIA HIGHER EDUCATION                      :
ASSISTANCE AGENCY, d/b/a/ AMERICAN                 :
EDUCATION SERVICES                                 :
1200 N. 7th Street                                 :
Harrisburg, PA 17102                               :
                                                   :
Serve:  The Corporation Trust Incorporated         :
           351 West Camden Street                  :
           Baltimore, MD 21201                     :
                                                   :
                            Defendants.            :
_____           :

## **COMPLAINT**

COMES NOW, the Plaintiff, Alexander R. Jones (hereinafter, "Plaintiff"), by counsel,

and for his Complaint against Defendants, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against all Defendants pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA"). Plaintiff asserts that Defendants violated the FCRA by failing to conduct a reasonable investigation of his credit disputes regarding a student loan account.

## JURISDICTION

2.     The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k and 28 U.S.C. §1331.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and LR 501(4)(B)(ii) because Plaintiff is the only party that resides in Maryland.

## PARTIES

4.     The Plaintiff, Alexander R. Jones ("Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.     Upon information and belief, Experian Information Solutions, Inc. ("Experian") is a corporation authorized to do business in Maryland through its registered offices in Baltimore, Maryland. Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f).

6.     Upon information and belief, Pennsylvania Higher Education Assistance Agency ("PHEAA") d/b/a American Education Services ("AES") is a corporation organized under the laws of Pennsylvania. PHEAA is one of the nation's largest servicers of student loan debt. At all times relevant hereto, PHEAA was a "furnisher" as governed by the FCRA.

2

**FACTS**

7.     In September 2015, Plaintiff's contract with the U.S. Department of Commerce expired and Plaintiff began looking for new employment.

8.     As part of this process, Plaintiff posted his resume online and was subsequently contacted by Insight Global, a recruiting firm specializing in matching job applicants with government contractor positions.

9.     Insight Global was considering presenting Plaintiff's resume for a position with the Immigration and Naturalization Service. However, when Insight Global obtained a credit report regarding Plaintiff, it showed two accounts with PHEAA that were reported with $0 balances, but also as "TRANSFERRED TO RECOVERY".[1]

10.     This information was inaccurate, incomplete and misleading—both accounts were closed and had been paid in full in September 2013.

11.     Following receipt of the credit report from Insight Global, Plaintiff subsequently disputed the information with Experian in September 2015. In his dispute, Plaintiff explained that Experian was inaccurately reporting the status of his account with PHEAA.

12.     On December 2, 2015, Experian forwarded its Investigation Results to Plaintiff. To his dismay, Experian and PHEAA started to report far worse information in his credit report as a result of his dispute. In particular, his credit report indicated that the accounts were "charged off" and past due. To that end, Experian indicated that it verified one account with PHEAA was $21,797 past due as of November 2015; and that the other account was $30,173 past due as of November 2015.

---

[1] The accounts were reported under the trade name "AES/NCT." For the purpose of clarity, Plaintiff uses the legal name PHEAA herein.

13.     This information was inaccurate—both accounts were closed and had been paid in full in September 2013.

14.     Worse yet, Plaintiff's employment as a contractor to the General Services Administration, was placed in jeopardy. As part of the security clearance process, the Office of Personnel Management ("OPM") obtained Plaintiff's credit report on December 8, 2015.

15.     Because Defendants failed to correct the inaccurate information in response to Plaintiffs' dispute, OPM notified Plaintiff that two accounts with PHEAA were reported on his Experian credit report as "charge off" and "a total of $51,978.00 past due."

16.     The negative credit information delayed the processing of Plaintiff's security clearance, jeopardized his employment and created the appearance that Plaintiff had made material misrepresentations when he completed his federal security questionnaire, and again when he answered questions on the credit report during his formal security interview.

17.     Defendants each received, but ignored the Plaintiff's disputes and refused to delete the inaccurate information regarding the account from the Plaintiff's credit file.

18.     Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

19.     As a result of Defendants' conduct, Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

**COUNT ONE:**
**(Violation of 15 U.S.C. § 1681e(b))**
**(*EXPERIAN*)**

4

20.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

21.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

22.      As a result of this alleged conduct, Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

23.     Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

24.     The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
### (Violation of 15 U.S.C. § 1681i(a)(1)
### (*EXPERIAN*)

25.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

26.     Experian violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

27.     As a result of this alleged conduct, Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

28.     Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

29.     The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT THREE:
### (Violation of 15 U.S.C. § 1681i(a)(2))
### (*EXPERIAN*)

30.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31.     Experian violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute correspondence.

32.     As a result of this alleged conduct, Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

33.     Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

34.     The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Experian pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT FOUR:**
**(Violation of 15 U.S.C. § 1681i(a)(4))**
**(*EXPERIAN*)**

35.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36.     Defendant violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

37.     As a result of this alleged conduct, Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

38.     Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

39.     The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Defendant pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT FIVE:**
**(Violation of 15 U.S.C. § 1681i(a)(5))**
**(*EXPERIAN*)**

40.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

41.     Experian violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

42.      As a result of this alleged conduct, action, and inaction, Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

43.     Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

44.     The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT SIX:**
**(Violation of 15 U.S.C. § 1681s-2(b)(1)(A))**
**(*PHEAA*)**

45.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

46.     On one or more occasions within the past two years, by example only and without limitation, PHEAA violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

47.     When the Plaintiff mailed his disputes to Experian, it used a dispute system named, "e-Oscar", which has been adopted by the credit reporting agencies ("CRAs") and by their furnisher-customers such as PHEAA.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

48.    When Experian receives a consumer dispute, it (usually via an outsourced vendor) translates that dispute into an "ACDV" form.

49.    Upon information and belief, the ACDV form is the method by which PHEAA has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

50.    Based on the manner in which the CRAs responded to the Plaintiff's disputes – indicating that they "verified" that the account was reporting correctly -- Plaintiff alleges that Experian did in fact forward the Plaintiff's dispute via an ACDV to PHEAA.

51.    PHEAA understood the nature of the Plaintiff's dispute when it received the ACDV from Experian.

52.    When PHEAA received the ACDV from Experian, it as well could have reviewed its own system and previous communications with the Plaintiff and discovered additional substance of the Plaintiff's dispute.

53.    Notwithstanding the above, PHEAA follows a standard and systemically unlawful process when it receives the ACDV dispute.  Basically, all PHEAA does is review its own internal computer screen for the account and repeat back to the ACDV system the same information that PHEAA already had reported.

54.    When PHEAA receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

55.    As a result of PHEAA's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to:  delay and loss of employment

9

opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

56.     The violations by PHEAA were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, PHEAA was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from PHEAA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT SEVEN:**
**(Violation of 15 U.S.C. § 1681s-2(b)(1)(B))**
**(*PHEAA*)**

58.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint (particularly though not limited to as pled in the "Fact" section of the Complaint and the previous Count).

59.     On one or more occasions within the past two years, by example only and without limitation, PHEAA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies.

60.     As Plaintiff detailed in the previous count, PHEAA has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

61.     PHEAA is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

62.     PHEAA does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

63.     PHEAA understood the Plaintiff's disputes regarding the errors in PHEAA's reporting.

64.     Nevertheless, PHEAA ignored such information and instead simply regurgitated the same information it had previously reported to the CRAs.

65.     As a result of PHEAA's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

66.     The violations by PHEAA were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, PHEAA was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

67.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from PHEAA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT EIGHT:**
**(Violation of 15 U.S.C. §1681s-2(b)(1)(C) and (D))**
**(PHEAA)**

68.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

69.     On one or more occasions within the past two years, by example only and without limitation, PHEAA violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit files with Experian without also including a notation that

these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

70.     Specifically, PHEAA failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

71.     On information and belief, the Plaintiff alleges that PHEAA rarely, if ever, adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

72.     Furthermore, PHEAA knew that the Plaintiff disputed the subject accounts through his disputes to the CRAs.

73.     The Plaintiff's disputes were bona fide as the account had been paid in full in September 2013.

74.     As a result of PHEAA's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: delay and loss of employment opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

75.     The violations by PHEAA were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, PHEAA was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

76.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from PHEAA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**ALEXANDER R. JONES**

By:___ */s/ Kristi C. Kelly*_____
Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com

*Counsel for Plaintiff*

13